## J. V. McCAULEY v. MANLEY SANDERSON.

Western Section. July 3, 1929.

Petition for Certiorari denied by Supreme Court, April 5, 1930.

H. E. Carter, of Bolivar, and S. J. Everett, of Jackson, for plaintiff in error.

A. M. Prewitt, of Bolivar, for defendant in error.

OWEN, J. J. V. McCauley, defendant below, has appealed from a judgment rendered against him for $60.03 in the Circuit Court of Hardeman county. The suit was commenced before a Justice of the Peace. Sanderson alleged that McCauley owed him $60.03 being debt due on an account. There was a judgment for the plaintiff before the Justice of the Peace and an appeal to the Circuit Court, the Circuit Judge being informed that there was a settlement between the plaintiff and the defendant in regard to the cotton sold and certain merchandise sold by the defendant to the plaintiff, ordered the clerk to take proof and report the account between the plaintiff and the defendant. This the clerk did, reporting that there was due the plaintiff $60.03. The Circuit Judge confirmed this report and rendered a judgment for the plaintiff. There was a motion for a new trial which was overruled, then a motion in arrest of judgment which was likewise overruled. The defendant excepted, prayed and perfected an appeal and has assigned five errors.

By the first three assignments it is insisted that there is no evidence to sustain this judgment.

By the fourth and fifth assignments it is insisted that the judgment should have been arrested for the reason that this cause is not within the jurisdiction of the Justice of the Peace for it is an at-

tempt to falsify and surcharge a settlement, a matter over which the chancery court alone has jurisdiction.

It appears that the plaintiff is a farmer, the defendant a merchant. On December 10, 1927, the plaintiff sold the defendant a bale of cotton, the proceeds of which amounted to $97.63. The defendant withheld $28.33 to pay the plaintiff's rent and ginning. The plaintiff agreed to this, thereupon the defendant withheld, from the proceeds of the bale of cotton, a sufficient amount which he claimed was due him on the following items:

For one note of the plaintiff ........................$37.60

Balance on account of 1926 ........................... 4.93

Balance on account of 1927 ......................... 17.50

He gave the plaintiff a check for ................... 9.27

At the time the defendant withheld the $60.03 the plaintiff insisted that he did not owe the defendant anything; that he had receipts against the note and account at his home. The plaintiff testified in substance that the defendant agreed that if plaintiff would bring forth the receipts, defendant would pay the $60.03. The plaintiff did find his receipts but upon producing the same the defendant refused to pay. Thereupon the plaintiff instituted this suit.

We are of the opinion that the plaintiff has established his debt against the defendant by a preponderance of the evidence. The defendant failed to establish his right to withhold the $60.03. This is not a suit to falsify and surcharge a settlement. This case falls within the jurisdiction of the Justice of the Peace. All the assignments of error are overruled, the judgment of the lower court is affirmed. The plaintiff will recover of the defendant and his surety on appeal bond the $60.03 with interest thereon from the date of its rendition in the Circuit Court and all the costs of the cause for which execution will issue.

Heiskell and Senter, JJ., concur.